[Crim. No. 2874. Second Appellate District, Division One.—July 23, 1936.]

THE PEOPLE, Respondent, v. FLOYD BENJAMIN GREEN, Appellant.

George E. Stoddard for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

YORK, J.—By amended indictments appellant was charged with and convicted of the crimes of robbery, kid-

naping and assault with intent to commit murder. He was also charged with a prior conviction of a felony, which he admitted. This appeal is from the order denying his motion for new trial and from the judgments entered on the verdicts of guilty of the three crimes.

There is direct and positive evidence that about 1:30 P. M. of the 31st day of August, 1932, appellant entered the Sierra Madre Savings Bank, located at Sierra Madre, California, and held up the bank. Leaving the bank, he took the assistant cashier with him; forced her to enter his automobile and kept her there until he had gone about a mile from the bank. About fifteen minutes after the hold-up, two radio police officers received information thereof, together with a description of the bandit and of the car he was using. A short time later they observed the car which had been described to them traveling towards them on Huntington Drive, whereupon they started in pursuit, and pulled up alongside of said car. One of the officers pointed his gun at the bandit, whom the officers identified as appellant herein, whereupon appellant put up his left hand into the air, but when he brought his right hand into view, it held an automatic, with which he started to shoot, wounding one of the officers. Several shots were fired at appellant by both the wounded officer and his companion. The wounded officer was taken to a hospital, and appellant escaped.

Between 2:30 and 3 P. M. of the same day, a man, who was identified as appellant, entered a dry goods store in Los Nietos, which is located three miles from Whittier. He purchased a pair of trousers and changed his clothes, at which time he was wearing a glove which was almost full of blood. He then left the store and shortly thereafter abandoned the car which he had been driving. About 4 P. M. of the same day a man identified as appellant boarded an electric car at Rivera station, which is about a mile west of Los Nietos, and rode into Los Angeles city.

In spite of the direct and positive form of the depositions which located appellant in Kansas City on or about the date of this hold-up, the positive identification of the appellant as the party committing the crimes charged (although made nearly three years after the crimes were committed), was sufficient basis for the jury's verdicts. Therefore, the

610

only question for us to determine is whether there was committed prejudicial error in the conduct of the trial of the case.

Appellant's first assignment of error consists of a citation to this court of "practically all of the cross-examination beginning on P 195 line 18 and ending on P 196 line 23 and the further assignment of error as well as the misconduct on the part of the District Attorney as exemplified by questions beginning on P 197 line 14 and ending on P 199 line 11". ■ Although this is the form in which appellant makes his assignment of error, we believe from the argument contained in his brief that appellant's main objection is that the district attorney on cross-examination inquired of appellant whether some of the time, which he said he had spent in states other than California or Texas, had not been spent in the state penitentiary in Texas. This related to the incarceration for the prior conviction which appellant admitted. It could not constitute a prejudicial error in any event, as the prosecution had the right to ask him of he had ever been convicted of a felony, on his cross-examination, as he had submitted himself as a witness.

■ The other specifications of error that are considered worthy of discussion are the two objections to the introduction into evidence of the testimony of two witnesses, who fixed the presence of the appellant in the city of Los Angeles at a time when he testified he was in Kansas City. In his identification of the appellant, the cashier of a bank testified that the appellant pointed a pistol at his head; and in another instance, the proprietor of a · second-hand automobile selling lot identified appellant as a man who, on one of the days that appellant claimed he was in Kansas City, had come to his lot in the city of Los Angeles, and without his consent had driven away therefrom an automobile without having any right so to do. Just how far it was proper for these two witnesses to refer to criminal acts committed by appellant is a question which must be determined from the nature of the testimony given and the manner by which the two witnesses fixed in their minds the appearance of the appellant so that they were able to identify him at a later date. It is unfortunate for appellant that this identification was made in connection with the commission by him of criminal acts, but he cannot now com-

plain, as it probably was the only way in which these two witnesses could explain to the jury the reason for their positive identification of appellant.

We have had difficulty in covering all of the points attempted to be raised by appellant, because the points upon which he relies for reversal are not separately stated in his brief.

The cases cited by both appellant and respondent do not contain errors analogous to the errors claimed by appellant. Although it is true that, generally speaking, it is improper to introduce evidence of other crimes committed by a defendant on trial, nevertheless, under the circumstances of this case, the testimony relating to former crimes was merely incidental to the identification of appellant and as proof of the fact that he was in the city of Los Angeles at a time when he claimed he was not even in the state of California. It was legitimate rebuttal evidence of testimony of appellant brought out by proper cross-examination.

The affidavits filed on the motion for new trial are merely cumulative of the facts set out in the depositions which were introduced in the main trial.

The order denying motion for new trial is affirmed, and the judgments appealed from are also affirmed.

Houser, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 20, 1936.